Daniel J. Auerbach
M. Christy S. McCann
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
201 West Railroad Street, Suite 300
Missoula, MT 59801
Phone: (406) 728-1694
Fax: (406) 728-5475
daniel@bkbh.com
christy@bkbh.com

Martin J. Bishop
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Phone: (312) 207-1000
Fax: (312) 207-6400
mbishop@reedsmith.com

*Attorney for Health Care Service Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JUSTIN KING,<br><br>      Plaintiff,<br><br>  v.<br><br>HEALTH CARE SERVICE CORP.,<br><br>      Defendant. | Case No. 24-CV-00032-BMM-JTJ<br><br>**DEFENDANT HEALTH CARE SERVICE CORPORATION'S BRIEF IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES** |

Defendant Health Care Service Corporation ("HCSC") hereby moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Justin King's ("Plaintiff") Complaint ("Complaint") in its entirety. In support of this Motion, HCSC states as follows:

## I.      INTRODUCTION

This case involves a healthcare coverage dispute relating to purported surgical services requested by the Plaintiff in 2022. Plaintiff's bare bones Complaint alleges little more than that he was insured under a policy issued by HCSC, his request for pre-approval for surgical services was denied, he underwent surgery, and as a result, HCSC breached the Policy, violated the covenant of good faith and fair dealing and that he is entitled to punitive damages. Plaintiff's Complaint should be dismissed, and his request for punitive damages stricken, because, as alleged he is not entitled to relief.

First, Plaintiff fails to allege facts sufficient to state a claim for breach of contract ("Count I"). Plaintiff fails to identify, as required under Montana law, the specific contractual provision that he contends HCSC breached and, more specifically, fails to identify the contractual provision that would have obligated HCSC to cover his requested back surgery. Second, Montana law precludes Plaintiff from bringing a breach of the implied covenant of good faith and fair dealing

("Count II") against an insurer. <u>Finally</u>, Plaintiff's request for punitive damages is prohibited under Montana statutory law and should be stricken.

For these reasons, and as explained in additional detail below, this Court should dismiss Plaintiff's Complaint and strike his request for punitive damages.

## II.      PLAINTIFF'S COMPLAINT

Plaintiff alleges he was insured under a health insurance policy issued by HCSC (the "Policy"). Compl ¶ 6. Plaintiff further alleges that in 2022, he requested pre-approval from HCSC for back surgery and that HCSC denied this request on December 15, 2022 on the basis that it was "not appropriate, not medically necessary, and experimental in Plaintiff's case." Compl. at ¶¶ 7, 8.[1] The Complaint includes allegations that Plaintiff subsequently underwent surgery in Germany despite the denial of pre-approval and that he incurred thousands of dollars in medical and travel expenses. *Id.* ¶¶ 13, 16. Plaintiff also alleges, without additional detail, that (i) his surgery should have been paid by HCSC "according to the terms of the [P]olicy"; and (ii) that HCSC breached the implied covenant of good faith and fair dealing by denying his pre-approval request. *Id.* ¶¶ 16, 18.

Following the receipt of surgical services, Plaintiff filed suit in this District, asserting that: (1) HCSC breached the terms of the Policy; and (2) that HCSC

---

[1] HCSC accepts the allegations in Plaintiffs' Complaint as true only for the purposes of this Motion to Dismiss.

breached the implied covenant of good faith and fair dealing. *Id.* ¶¶ 17-18. Plaintiff

also contends that he is entitled to consequential and punitive damages. *Id.* ¶¶ 19-21.

### III.      LEGAL STANDARD

A court should grant a motion to dismiss when a complaint contains only a

"formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To

survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

Plaintiffs' "complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 570). The complaint must include "factual content

that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id*. Plaintiffs' mere conclusory allegations, however, are

not entitled to the assumption of truth. *Id.* at 679.

Indeed, "a court is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences." *Burnett v.*

*Pac. Source Health Plans*, No. CV 19-45-H-SEH, 2019 U.S. Dist. LEXIS 148027,

at *8 (D. Mont. Aug. 26, 2019) (citing *Sprewell v. Golden State Warriors*, 266 F.3d

979, 988 (9th Cir. 2001)); *see also Smith v. Health Care Serv. Corp.*, No. CV 22-50-

BLG-SPW-KLD, 2023 U.S. Dist. LEXIS 68728, at *6 (D. Mont. Mar. 6, 2023) ("the

court is not required to accept legal conclusions cast in the form of factual allegations

4

if those conclusions cannot reasonably be drawn from the facts alleged") (internal quotations omitted) (quoting *Clegg v. Cult Awareness Network*, 18 F.2d 752, 754-55 (9th Cir. 1994)).

## IV.   **LEGAL ARGUMENT**

**A.   Count I Should Be Dismissed Because Plaintiff Does Not Allege A Specific Contractual Provision That Provides Coverage For His Back Surgery.**

Under Montana law, "a plaintiff must identify 'the violation of a specific contractual provision' in order to pursue a breach of contract claim." *James Lee Constr., Inc. v. Gov't Emples. Ins. Co.*, No. CV 20-68-M-DWM, 2022 U.S. Dist. LEXIS 325, at *11 (D. Mont. Jan. 3, 2022) (quoting *Tin Cup Cty. Water v. Garden City Plumbing & Heating, Inc.*, 200 P.3d 60, 67 (Mont. 2008) (holding that a plaintiff "must point to *the violation of a specific contractual provision* in order for their complaint to sound in contract" (emphasis added)); *see also Rosseland v. N.Y. Life Ins. Co.*, No. CV 11-20-BLG-CSO, 2011 U.S. Dist. LEXIS 75710, at *10 (D. Mont. July 13, 2011) (granting defendant's motion to dismiss plaintiff's contract claim, in part, because plaintiff did not allege which specific provision of the contract defendant breached).

Here, although Plaintiff alleges the existence of a contract with HCSC, his Complaint is devoid of any detail on what provision of the contract HCSC purportedly breached when it denied his request for pre-approval of back surgery.

Compl. ¶¶ 15-16. In addition, Plaintiff does not explain why he needed back surgery, what the nature of the injury was, and why the back surgery qualified for coverage. *See generally* Compl. Rather, Plaintiff simply alleges that he had coverage, and that HCSC denied his pre-approval request. Compl. ¶ 16. Plaintiff then concludes that HCSC breached its contract with him. *Id.* ("[T]he cost of [Plaintiff's] surgery should have been paid by [HCSC] according to the terms of the [P]olicy. [HCSC's] denial of coverage constituted a breach of this [P]olicy[.]") None of allegations in the Complaint describe coverage applicable to Plaintiff's request for pre-approval for his back surgery. *See generally,* Compl. Such allegations are insufficient and Count I should be dismissed. *Rosseland*, 2011 U.S. Dist. LEXIS 75710, *11 (dismissing breach of contract claim; noting: "…[plaintiff] has pointed to no provision of the written … contract that she contends [was] breached."); *see also, James Lee Constr., Inc.*, 2022 U.S. Dist. LEXIS 325, at *11.

B.   **Count II Should Be Dismissed Because A Breach Of The Implied Covenant of Good Faith and Fair Dealing Claim Is Expressly Barred By Montana Law.**

The Court should dismiss Plaintiff's breach of the implied covenant of good faith and fair dealing claim because this cause of action is precluded by Montana statute.[2] Under Montana law, "[a]n insured may not bring an action for bad faith in

---

[2] Montana courts treat bad faith and breach of implied covenant of good faith and fair dealing claims in an identical manner. *See Jiminez v. Liberty Northwest Ins. Co.*, 2015 WL 12591706, *2 n. 1 (D. Mont. June 17, 2015) (holding a "covenant of good

connection with the handling of an insurance claim." Mont. Code Ann. § 33-18-242(3) (Montana's Unfair Trade Practices Act ("UTPA")).

This statute "explicitly proscribes" a common law bad faith cause of action that is based on the handling of an insurance claim. *Ave. C Apartments, Ltd. Liab. Co. v. Cincinnati Ins. Co.*, No. CV 19-37-BLG-SPW-TJC, 2019 U.S. Dist. LEXIS 208212, at *10 (D. Mont. Nov. 12, 2019). "The claims available to an insured stemming from an insurer's handling of an insurance claim are only those causes of action recognized under the statute – breach of contract, fraud, or violations of the UTPA – *and no other cause of action is permitted*." *West v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 2559966, *15 (D. Mont. June 28, 2011) (emphasis added).

In *Ave. C,* the plaintiff sued its insurer for failure to pay a loss under its insurance policy and included a bad faith cause of action based on the "implied contractual obligations of good faith and fair dealing . . . ." 2019 U.S. Dist. LEXIS 208212,. at *8. The court dismissed the bad faith cause of action because it was "directed solely at the claims handling process and [was] thus squarely within Section 33-18-242(3)'s prohibition of bad faith claims." *Id.* at *9. Indeed, although every insurance contract does have an implied covenant of good faith and fair

---

faith and fair dealing claim is a common law bad faith claim." and explaining that "[t]he Montana Supreme Court likens a third party claimant's common law claim for bad faith to a claim for breach of the duty of good faith and fair dealing.") (citing *Brewington v. Employers Fire Ins. Co.*, 1999 MT 312, 297 Mont. 243, 992 P.2d 237; *Thomas v. Northwestern Nat. Ins. Co.*, 1998 MT 343, 292 Mont. 357, 973 P.2d 804).

7

dealing, a violation of this covenant must be brought as a breach of contract action, not as a separate common law bad faith cause of action. *Id.* at *10.

Like the plaintiff in *Ave. C*, Plaintiff's allegations are based solely on HCSC's handling of his pre-approval for back surgery. *See* Compl. ¶¶ 17-18 (alleging that HCSC improperly denied the pre-approval request for coverage of the back surgery). Plaintiff specifically alleges that "Defendant breached this implied covenant by refusing without justification to provide coverage for Plaintiff's 2-level lumbar disc anthroplasty..." Compl. ¶ 18. This allegation makes it clear that Plaintiff's claim is "directed solely at the claims handling process and [is] thus squarely within Sections 33-18-242(3)'s prohibition of bad faith claims." *Ave. C Apartments, Ltd. Liab. Co.*, 2019 U.S. Dist. LEXIS 208212, at *9; *see also Young v. Farmers Ins. Fire Ins. Exch.*, No. CV-07-149-BLG-RFC, 2008 U.S. Dist. LEXIS 136070, at *11 (D. Mont. Aug. 15, 2008) (holding that Montana's UTPA prohibits common law bad faith claims arising from the handling of an insurance claim).

Because Plaintiff's (admittedly bare bone) allegations in the Complaint are directed at HCSC's claim handling process, Plaintiff's breach of the implied covenant of good faith and fair dealing claim must be dismissed.

### C.    Montana Statutory Law Prohibits Plaintiff Requesting An Award Of Punitive Damages In His Complaint.

Montana law expressly bars Plainitff from including a request for an award of punitive damages in his Complaint. Under the Montana Code, "[a] request for an

award of punitive damages may not be contained within an initial pleading filed by a party with the court." *See* Mont. Code Ann. § 27-1-221(5). Because it is contrary to Montana statutory law, Plaintiff's request for punitive damages (Compl. ¶ 18) must be stricken by the Court.

## V.    **CONCLUSION**

For the reasons stated herein, Defendant HCSC respectfully requests that this Court dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and to strike Plaintiff's request for punitive damages.

DATED this 30th day of May, 2024.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.


By /s/ *Daniel J. Auerbach*
    Daniel J. Auerbach
    M. Christy S. McCann

*Attorney for Health Care Service Corporation*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that *Health Care Service Corporation's Memorandum in Support of Motion to Dismiss and to Strike Plaintiff's Request for Punitive Damages* is double-spaced, is proportionately space 14-point typeface, and contains 1,825 words.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of May, 2024, a true copy of the foregoing was served:

Via ECF to the following parties:

Torger Oaas
PO Box 76
Lewistown, MT 59457
oaaslaw@midrivers.com

/s/ *Daniel J. Auerbach*
BROWNING, KALECZYC, BERRY & HOVEN, P.C.

11