TORGER OAAS
ATTORNEY AT LAW
Post Office Box 76
Lewistown, Montana 59457
(406) 366-1510
oaaslaw@midrivers.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JUSTIN KING, <br><br> Plaintiff, <br><br> vs. <br><br> HEALTH CARE SERVICES CORP., <br><br> Defendant. | 24-CV-00032-BMM-JTJ <br><br> **PLAINTIFF'S, KING'S, ANSWER BRIEF IN OPPOSITION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS** |

Justin King is not dragging an unrecognizable creature from a medieval forest and trying to disguise it as a breach of contract lawsuit.

As Defendant itself describes this case, it is a healthcare coverage dispute. That phrase unmistakably describes a lawsuit that is birthed when a sick or injured person makes a claim for payment under an insurance policy that is then denied by the insurer.

A review of King's complaint shows nine "General Allegations" that describe how this dispute arose. It clearly indicates King has a health care

-1-

policy with Defendant. King needed back surgery and he sought pre-approval from Defendant for coverage. Pre-approval was denied. King clearly alleges this denial was a breach of contract in Count I. King even included word for word the specific policy provisions King claims were wrongfully used to deny his claim. All the light from the sun would not make King's lawsuit any clearer.

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Dismissal under Rule 12(b)(6) is only appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *L.A. Lakers, Inc. v. Fed. Ins. Co., 869 F. 3d 795, 800 (9th Cir. 2017)*. Count I of King's complaint meets this burden[1].

---

[1] King went through the mind numbing three level appeal process in his attempt to get Defendant to change its position. King was unsuccessful, but Defendant's denial documents they clearly understood the nature of King's complaints. See Ex. 1 attached to this brief.

Count II – 33-18-242(3), MCA preserves King's common law right to bring a breach of contract claim. Every insurance contract includes a covenant of good faith and fair dealing.

King adequately pleads a cause of action for breach of the implied covenant of good faith. This is a recognized cause of action in Montana. *Draggin' Y Cattle Co. v. Junkermier et. al. 439 P. 3d 935 (2018).* The phrase "bad faith" does not appear in King's complaint. This description of Court II only comes from Defendant's pen. It is a complete misdescription of the cause of action stated in Court II.

**Punitive Damages**

27-1-221(5) does bar a claim for punitive damages in an initial pleading. However, this statute does not provide a roadmap for when the issue of punitive damages can be raised, without waiving them. Therefore, in an abundance of caution, King included his claim for punitive damages in his complaint, so as not to be deemed to have waived this claim.

Perhaps the Court, in its case management order, could advise as to how and when such a claim should be made.

**Leave to Amend**

Should the court find some defect in King's original complaint, such defect could be easily remedied by an amended complaint and King requests leave to do so, if appropriate.

Respectfully submitted this 18th day of June, 2024.

/s/ *Torger Oaas*
TORGER OAAS
Counsel for Plaintiff



**MES Peer Review Services**
100 Morse Street
Norwood, MA 02062



Justin King
6502 E. Fork Rd.
Lewistown, MT 59457

12/15/2022
**Notice of Independent Review Decision – Experimental and Investigational State of Montana external review**

Re: IRO Case #:  1892097

MES Peer Review Services has performed an independent review in accordance with the Montana Insurance Code and applicable regulations.

The IRO has performed an independent review of the proposed/rendered care to determine if the adverse determination was appropriate. In the performance of the review, the IRO reviewed the medical records and documentation provided to the IRO by involved parties.

An external review decision is binding on the health insurance issuer.

The external review decision is binding on the covered person except to the extent that the covered person has other remedies available under applicable federal or state law.

A covered person or, if applicable, the covered person's authorized representative may not file a subsequent request for external review involving the same adverse determination or final adverse determination for which the covered person has already received an external review decision.



Date that the IRO Received the Assignment:
11/21/2022 8:42 AM MST

Date the external review was conducted:
12/15/2022

Date of IRO's Decision:
12/15/2022

IRO Case #:
1892097

A General Description of the Reason for the Request for External Review:
The purpose of this review is to determine if the requested two level artificial lumbar disc: 0163T - Total disc arthroplasty (artificial disc), anterior approach, including discectomy to prepare interspace (other than for decompression), each additional interspace, lumbar (List separately in addition 22857 - Total disc arthroplasty (artificial disc), anterior approach, including discectomy to prepare interspace (other than for decompression), single interspace, lumbar are experimental, investigational or unproven in this case. If these are determined not to be experimental, investigational or unproven, this review will determine if they are medically necessary for this patient in this case.

The time period over which the external review was conducted:
Pre-service

A Description of the Qualifications for Each Physician or Other Health Care Provider Who Reviewed the Decision:
M.D. Board Certified in Orthopaedic Surgery, Added Expertise in Spinal Surgery

Review Outcome:

Upon independent review the reviewer finds that the previous adverse determination/adverse determinations should be:

[X]  Upheld (This means the independent reviewer agrees with the denial)

[ ]  Overturned (This means the independent reviewer does not agree with the denial)

[ ]  Partially Overturned (Agree in part/Disagree in part)

Provide a description of the review outcome that clearly states whether or not medical necessity exists for each of the health care services in dispute.

Information Provided to the IRO for Review:
  • **MES External Review Request**

- Naiomy Moroz, Reimbursement Case Specialist Fax Cover Sheet Appeals Team IER Request 11/18/2022
- Blue Cross BlueShield of Montana Request for External Peer Review 11/18/2022
- BCBS of Montana External Appeal Review 11/17/2022
- BlueCross BlueShield of Montana Appeal Request 11/09/2022
- Texas Black Institute- Plano Office Visit: NP 08/18/2022
- Texas Back Institute- Plano Clinical Summary 08/18/2022
- Central Montana Medical CTR Computed Tomography 01/28/2022
- Central Montana Medical CTR General X-ray 11/09/21021
- Touchstone Imaging Billings Lumbar Spine MRI without Contrast 06/12/2021
- FDA U.S Food and Drug Administration Correspondence 04/10/2020
- Article Primary Research Five year Reoperation rates of 2- level lumbar total disk replacement Versus Fusion Results of a Prospective, Randomized Clinical Trail
- Multiple Level Lumbar Total Disk Replacement A prospective Clinical and Radiographic Analysis of Motion Preservation
- Commentary and Perspective
- Article ELSEVIER SciVerse ScienceDirect Physical Capability Outcomes after total Disc Replacement with Prodisc-L
- Article Spine Clinical Spine a Comparison of Patients who Have Undergone 1- Level Versus 2- Level Prodisc Arthroplasty
- BlueCross BlueShield of Montana Appeal Letter of Denial 11/09/2022
- BlueCross BlueShield of Montana Important Information (Retain for your Records)
- BlueCross BlueShield of Montana Request for External Peer Review
- Allmed Healthcare Management Independent Medical Review 11/07/2022
- Allmed Healthcare Management Conflict of Interest
- Fax Cover Sheet Pre- Service 1st Appeal Request 10/20/2022
- Spine Clinical Case Series
- BCBS of Montana request for 1st level appeal 10/20/2022
- Article Elsevier Two Level lumbar total disc replacement: Functional Outcomes and segmental motion after 4 years
- Texas Black Institute Plano Surgery Scheduling Slip08/18/2022
- BlueCross BlueShield of Montana Determination Letter 09/23/2022
- BlueCross and BlueShield of Montana Request for External Peer Review
- HCSC Medical Policies 09/01/2021
- BlueCross BlueShield of Montana Individual Plan Blue Preferred Silver PPO
- BlueCross BlueShield of Montana Independent External Review (IER) 11/21/2022

Description of the Covered Person's Medical Condition:
This patient is a 42 year old male (date of birth: 01/15/1980) who has been recommended for a two level disc arthroplasty. The patient has complaints of back pain, and bilateral leg pain. The patient has painful lumbar range of motion (ROM). X-ray shows degenerative changes of L4-5, and L5-1. The patient had previous conservative care including surgical procedures. MRI showed disc degeneration of L4-5, and L5-1 with foraminal narrowing, and Modic changes. There is severe canal stenosis of L4-5. There is a Grade 1 spondylolisthesis of L4-5. This is a review for the two level disc arthroplasty.

Description of the Indicators Relevant to Whether There Is Sufficient Evidence to Demonstrate That the Recommended or Requested Health Care Service or Treatment Is More Likely To Be More Beneficial to the Covered Person Than Any Available Standard Health Care Services or Treatments and the Adverse Risks of the Recommended or Requested Health Care Service or Treatment Would Not Be Substantially Increased Over Those of Available Standard Health Care Services or Treatments:

**There is not sufficient evidence to demonstrate that this service is more likely to be beneficial to other available standard health care services or treatments and that the adverse risks of the recommended or requested health care service or treatment would not be substantially increased over those of available standard health care services or treatments.**

Description and Analysis of Any Medical or Scientific Evidence Considered in Reaching the Opinion:

**1.) NASS Coverage Policy Recommendations, North American Spine Society, Defining Appropriate Coverage Positions, Cervical Artificial Disc Replacement TASKFORCE Lumbar Artificial Disc Replacement Revised February 2019**

**2.) Radcliff, K., Spivak, J., Darden, B., Janssen, M., Bernard, T., & Zigler, J. (2018). Five-Year Reoperation Rates of 2-Level Lumbar Total Disk Replacement Versus Fusion. Clinical Spine Surgery, 31(1), 3742. https://doi.org/10.1097/bsd.0000000000000476**

**3.) Delamarter, R., Zigler, J. E., Balderston, R. A., Cammisa, F. P., Goldstein, J. A., & Spivak, J. M. (2011). Prospective, Randomized, Multicenter Food and Drug Administration Investigational Device Exemption Study of the ProDisc-L Total Disc Replacement Compared with Circumferential Arthrodesis for the Treatment of Two-Level Lumbar Degenerative Disc Disease. The Journal of Bone & Joint Surgery, 93(8), 705715. https://doi.org/10.2106/jbjs.i.00680**

Description and Analysis of Any Evidence-based Standards:

**The requested use of disc arthroplasty for two level use in the lumbar spine is FDA approved. The device is approved by International Society for the Advancement of Spine Surgery (ISASS) position statement for the cervical and lumbar spine. However, at this time there is insufficient long term evidence indicating efficacy of this treatment. The North American Spine Society does not approve the use of this device in more than one level in their latest position statement.**

A. Whether the Recommended or Requested Health Care Service or Treatment Has Been Approved by the Federal Food and Drug Administration, if applicable, for the Condition:

**The treatment is FDA approved.**



B. Whether Medical or Scientific Evidence or Evidence-based Standards Demonstrate That the Expected Benefits of the Recommended or Requested Health Care Service or Treatment is More Likely To Be More Beneficial to the Covered Person Than Any Available Standard Health Care Service or Treatment and the Adverse Risks of the Recommended or Requested Health Care Service or Treatment Would Not Be Substantially Increased over Those of Available Standard Health Care Services or Treatments:

There is current prospective data showing the procedure is effective in improving patient symptoms and maintain the clinical benefit for medium to long duration. There was a two year follow up study with prospective data showing the efficacy of this treatment. The study by Radcliff et al showed clinical benefit of two level lumbar arthroplasty versus fusion at 5 years. There was a study by Delamarter et al showing clinical benefit of two level disc arthroplasty at two years. However, at this time, the data is insufficient to support efficacy. The North American Spine Society (NASS) does not approve the procedure at this time.

Information on whether the reviewer's rationale for the opinion is based on (A) or (B) above
The rationale for their opinion is based on B

The decision is based on the lack of support by NASS and insufficient clinical data showing efficacy.

The Written Opinion of the Clinical Reviewer, Including the Reviewer's Recommendation as to Whether the Recommended or Requested Health Care Service or Treatment Should Be Covered and the Rationale for the Reviewer's Recommendation:
The opinion of this reviewer is that the service should not be covered based on the fact this procedure is not supported by NASS with insufficient current clinical information. Furthermore, in this particular case, the patient has instability and previous lumbar laminectomy surgery which would not make the patient an ideal candidate for this procedure.

Principal reason for the Decision:
The requested two level artificial lumbar disc: 0163T - Total disc arthroplasty (artificial disc), anterior approach, including discectomy to prepare interspace (other than for decompression), each additional interspace, lumbar (List separately in addition 22857 - Total disc arthroplasty (artificial disc), anterior approach, including discectomy to prepare interspace (other than for decompression) , single interspace, lumbar experimental, is investigational or unproven in this case.

Rationale for the Decision:
This patient is a 42 year old male (date of birth: 01/15/1980) who has been recommended for a two level disc arthroplasty. The patient has complaints of back pain, and bilateral leg pain. The patient has painful lumbar range of motion (ROM). X-ray shows degenerative changes of L4-5, and L5-1. The patient had previous conservative care including surgical procedures. MRI showed disc degeneration of L4-5, and L5-1 with foraminal narrowing, and Modic changes. There is severe canal stenosis of L4-5. There is a Grade 1 spondylolisthesis of L4-5. This is a review for the two level disc arthroplasty.

The patient has two level disc disease causing symptoms which have not improved with previous treatments including previous laminectomy. The use of disc arthroplasty for two level use in the lumbar spine is FDA approved. There is scientific evidence showing efficacy of this procedure. However, at this time, there is insufficient long term evidence indicating efficacy of this treatment. The North American Spine Society does not approve the use of this device in more than one level in their latest position statement. Thus, the treatment would be considered investigational, and thus is not medically necessary. The patient has continued severe back pain that has not improved with previous conservative care.

There is current prospective data showing the procedure is effective in improving patient symptoms and maintains the clinical benefit for medium to long duration. There was a two year follow study with prospective data showing the efficacy of this treatment. The study by Radcliff et al., showed clinical benefit of two level lumbar arthroplasty versus fusion at 5 years. There was a study by Delamarter et al showing clinical benefit of two level disc arthroplasty at two years. However, at this time, the data is insufficient to support efficacy. The North American Spine Society does not approve the procedure at this time.

Treatment with a two level disc arthroplasty would not be appropriate, and medically necessary for the patient's ongoing symptoms given the experimental nature of the procedure.

Furthermore, in this particular case, the patient has instability and previous lumbar laminectomy surgery which would not make the patient an ideal candidate for this procedure.

Therefore, based on the submitted records and the current medical literature, the requested two level artificial lumbar disc: 0163T - Total disc arthroplasty (artificial disc), anterior approach, including discectomy to prepare interspace (other than for decompression), each additional interspace, lumbar (List separately in addition 22857 - Total disc arthroplasty (artificial disc), anterior approach, including discectomy to prepare interspace (other than for decompression) , single interspace, lumbar experimental, is investigational or unproven in this case.

Sincerely,
Lone Star Consulting Services, Inc. dba MES Solutions



**BlueCross BlueShield of Montana**
PO Box 660712
Dallas, TX 75266-0712

September 23, 2022

**This letter is a courtesy copy for your records.**

TEXAS HEALTH CENTER FOR
6020 W PARKER ROAD
PLANO, TX 75093



Have questions about this letter?
Contact us at the number on your Member ID card.

JUSTIN KING, AN IMPORTANT UPDATE ON THIS REQUEST
**THIS REQUEST WAS NOT APPROVED**
Health information sent by your provider for the requested care was reviewed by a Medical Director.
The services requested have not been approved.

| Non-Approved Service Procedure | | Request ID | U22265CIBO |
|---|---|---|---|

0163T / Total disc arthroplasty (artificial disc), anterior approach, including discectomy to prepare interspace (other than for decompression), each additional interspace, lumbar (List separately in addition

22857 / Total disc arthroplasty (artificial disc), anterior approach, including discectomy to prepare interspace (other than for decompression), single interspace, lumbar

| Effective Date | 11/15/2022 | Expiration Date | 11/17/2022 |
|---|---|---|---|
| Non-Approved Days / Units | 2 | | |
| Subscriber ID | 928112559 | Treatment Setting | Inpatient Hospital |
| Member | Justin King | Physician | SCOTT BLUMENTHAL |
| Date of Birth | 01/15/1980 | Facility/Provider | TEXAS HEALTH CENTER FOR |
| Admission Date | 11/15/2022 | | |



WHY THIS REQUEST WAS NOT APPROVED

Requested service(s) is/are experimental or investigational

**From the Medical Director:**
The request for a two (2) day inpatient stay from 11/15/2022 to 11/17/2022, Total disc arthroplasty (CPT 22857) and Total disc arthroplasty additional (CPT 0163T) is denied as experimental, investigational and unproved (EIU) under BCBSMT policy Artificial Intervertebral Disc Number:SUR712.028. The submitted and reviewed clinical documentation indicates the Member is a forty-two (42) year old male with long standing history of back pain. Has had multiple procedures including discectomy and laminectomies. Member symptoms appear to be worsening. No Oswestry Disability Index (ODI) score submitted. Has tried injection but there is no documentation of other conservative therapy that has been tried and failed. Mulitple level degenerative disc disease. Central and foraminal stenosis at number of levels. Plan for 2 level lumbar disc replacement. Medical policy states Lumbar artificial intervertebral disc, may be considered medically necessary for patients who meet ALL of the following criteria: Degenerative disc disease at only 1 level in the lumbar spine, from L3-S1, confirmed by radiographic studies (CT, MRI, x-rays, etc.); and Disc will be used for single-level reconstruction following lumbar discectomy within the L3-S1 region; and have no more than Grade 1 (0-25%) spondylolisthesis at the involved level; and minimum Oswestry Disability Index (ODI) score equal to or greater than 40; and radicular back/leg pain that

Blue Cross and Blue Shield of Montana, a Division of Health Care Service Corporation, a Mutual Legal Reserve Company, an Independent Licensee of the Blue Cross and Blue Shield Association

has failed a minimum of 6 months of conservative treatment. Artificial intervertebral lumbar disc is considered experimental, investigational and/or unproven for all other indications, including but not limited to, multilevel use whether done simultaneously or at different times. There is no documentation of ODI or conservative management attempted. Request is for 2 level. Therefore, the request for a two (2) day inpatient stay from 11/15/2022 to 11/17/2022, Total disc arthroplasty (CPT 22857) and Total disc arthroplasty additional (CPT 0163T) is denied as experimental, investigational and unproved (EIU).

For Member:

Your doctor has asked to replace 2 discs in your lower back (lumbar region) with artificial discs. Per your member Benefit Booklet page 72 investigational is defined as the clinical evidence published in peer-reviewed medical journals is insufficient in determining that the use of this procedure results in improvements to your overall health or is better than any established alternatives. BCBSMT policy Artificial Intervertebral Disc Number:SUR712.028 was used in making this decision.

You can get copies of the rules, codes, and guidelines we used in making this decision free of charge by calling 855-258-8471 the Customer Service phone number on your ID card.



## QUESTIONS? WE'RE HERE FOR YOU

For more information about your benefits, log in to your Blue Access for Members℠ (BAM℠) account at bcbsmt.com

Your doctor may call our Health Care Management department at 877-388-8406 to talk about your case with one of our physician reviewers.



## HOW TO APPEAL THE DECISION

You or someone you name to act for you, such as an attorney or your doctor, can appeal this decision. Three things to note:

- You have 180 days from receipt of this letter to file an appeal.
- If your health situation requires an urgent response, call 855-258-8471 to ask us to review your appeal right away.
- To learn more about our appeals process, see the Important Information enclosed.

Coverage, benefit and payment decisions are not treatment decisions. The decision to move forward with the proposed service/procedure remains between you and your doctor.

As always, feel free to contact us with any questions.

Sincerely,

Health Care Management Department
Blue Cross and Blue Shield of Montana

ENCLOSURES
✓ Important Information - Appeal Information and Procedures
✓ Appeal Request Form
✓ External Review Information

A copy of this letter has been sent to:

Justin King
6502 E Fork Rd
Lewistown, MT 59457

SCOTT BLUMENTHAL
6020 W Parker Rd Ste 200
Plano, TX 75093-8172