Daniel J. Auerbach
M. Christy S. McCann
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
201 West Railroad Street, Suite 300
Missoula, MT 59801
Phone: (406) 728-1694
Fax: (406) 728-5475
daniel@bkbh.com
christy@bkbh.com

Martin J. Bishop
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606
Phone: (312) 207-1000
Fax: (312) 207-6400
mbishop@reedsmith.com

*Attorneys for Health Care Service Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JUSTIN KING,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICE CORP.,<br><br>Defendant. | Case No. 24-32-GF-BMM-JTJ<br><br>**DEFENDANT HEALTH CARE SERVICE CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES** |

Defendant Health Care Service Corporation ("HCSC") hereby files this Reply in support of its Motion to Dismiss Plaintiff Justin King's ("Plaintiff") Complaint ("Complaint") and to Strike Plaintiff's Request for Punitive Damages.

## I.        INTRODUCTION

The Court should dismiss Plaintiff's Complaint because he fails to state any claim for which relief can be granted. First, with respect to his breach of contract claim (Count I), Plaintiff's Response ("Response") to Motion to Dismiss ("Motion") fails to identify any contractual provision that he contends HCSC breached and, more specifically, fails to identify the contractual provision that would have obligated HCSC to cover his requested back surgery. Second, Plaintiff fails to provide a single citation to the allegations in his Complaint or to legal authority to support his contention that he has adequately stated a claim for breach of the implied covenant of good faith and fair dealing (Count II) against HCSC. Finally, Plaintiff admits that Montana law bars his request for punitive damages at this stage of the case.

Plaintiff's sole argument, offered in his Response brief without a single citation to any portion of the Complaint, is that his general allegations are adequate because HCSC's Motion characterized the Complaint as a "healthcare coverage dispute." Not only does this argument fail because of the barebones allegations pled, but it is against controlling law. Plaintiff—not HCSC—is required to plead the

specific provision of an identified contract that he believes HCSC breached, including factual allegations to supporting the purported violations. In addition, Plaintiff is required to explain how his claim that HCSC failed to act in good faith is not preempted by the Montana Code and how the facts he alleged in his Complaint support his claim.

Because Plaintiff fails to support either claim against HCSC in his Response, this Court should dismiss Plaintiff's Complaint in its entirety.

## II.     LEGAL ARGUMENT

### A.     The Court Should Dismiss Count I Should Because Plaintiff Does Not Adequately Allege Breach of Contract.

Under Montana law, "a plaintiff must identify 'the violation of a specific contractual provision' in order to pursue a breach of contract claim." *James Lee Constr., Inc. v. Gov't Emples. Ins. Co.*, No. CV 20-68-M-DWM, 2022 U.S. Dist. LEXIS 325, at *11 (D. Mont. Jan. 3, 2022) (quoting *Tin Cup Cty. Water v. Garden City Plumbing & Heating, Inc.*, 200 P.3d 60, 67 (Mont. 2008) (holding that a plaintiff "must point to *the violation of a specific contractual provision* in order for their complaint to sound in contract" (emphasis added)); *see also Rosseland v. N.Y. Life Ins. Co.*, No. CV 11-20-BLG-CSO, 2011 U.S. Dist. LEXIS 75710, at *10 (D. Mont. July 13, 2011) (granting defendant's motion to dismiss plaintiff's contract claim, in part, because plaintiff did not allege which specific provision of the contract defendant breached).

Although Plaintiff alleges the existence of a contract with HCSC, his Complaint is devoid of any detail on what provision of the contract HCSC purportedly breached when it denied his request for pre-approval of back surgery. *See* Complaint, ¶¶ 15-16; Response at 1-2 (repeating same). In addition, Plaintiff fails to explain why he needed back surgery, what the nature of the injury was, and why (or how) the back surgery qualified for coverage. *See generally* Compl. Likewise, Plaintiff does not allege any specific provision that would entitle him to coverage. *Id.* Rather, Plaintiff simply alleges that he had coverage, and that HCSC denied his pre-approval request. Compl. ¶ 16. Plaintiff then concludes that HCSC breached its contract with him. *Id.* This is not sufficient, and the Court should dismiss Plaintiff's breach of contract claim. *See e.g., Rosseland,* 2011 U.S. Dist. LEXIS 757, at *10.

> **B.    The Court Should Dismiss Count II Because a Claim For Breach Of The Implied Covenant of Good Faith and Fair Dealing Claim Is Expressly Barred By Montana Law.**

The Court should dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. Under Montana law, "[a]n insured may not bring an action for bad faith in connection with the handling of an insurance claim." Mont. Code Ann. § 33-18-242(3) (Montana's Unfair Trade Practices Act ("UTPA")). This statute "explicitly proscribes" a common law bad faith cause of action that is based on the handling of an insurance claim. *Ave. C Apartments, Ltd. Liab. Co. v.*

*Cincinnati Ins. Co.*, No. CV 19-37-BLG-SPW-TJC, 2019 U.S. Dist. LEXIS 208212, at *10 (D. Mont. Nov. 12, 2019). While Plaintiff alleges that the characterization of Count II as a bad faith claims is a "complete misdescription of the cause of action" (Resp. at p. 2), Montana courts treat bad faith and breach of implied covenant of good faith and fair dealing claims in an identical manner. *See Jiminez v. Liberty Northwest Ins. Co.*, 2015 WL 12591706, *2 n. 1 (D. Mont. June 17, 2015) (holding a "covenant of good faith and fair dealing claim is a common law bad faith claim." and explaining that "[t]he Montana Supreme Court likens a third-party claimant's common law claim for bad faith to a claim for breach of the duty of good faith and fair dealing.") (citing *Brewington v. Employers Fire Ins. Co.*, 1999 MT 312, 297 Mont. 243, 992 P.2d 237; *Thomas v. Northwestern Nat. Ins. Co.*, 1998 MT 343, 292 Mont. 357, 973 P.2d 804).

In his Response, Plaintiff fails to distinguish the authority cited by HCSC and fails to demonstrate how his Complaint alleges a violation of good faith and fair dealing. *See* Motion at 6-8; *compare with* Response at 2-3. Plaintiff's allegations in the Complaint are directed at HCSC's claims handling process and, as a result, are precluded under controlling law. *Ave C.*, 2019 U.S. Dist. LEXIS 20812, at *10. Plaintiff's breach of the implied covenant of good faith and fair dealing claim should be dismissed.

//

- 5 -

**C.    Plaintiff Concedes That Controlling Law Prohibits His Request For Punitive Damages.**

Under the Montana Code, "[a] request for an award of punitive damages may not be contained within an initial pleading filed by a party with the court." *See* Mont. Code Ann. 27-1-221(5). In his Response, Plaintiff admits that his Complaint seeks punitive damages and that such allegations are barred by Montana statute. *See* Response, p. 3. Because it is contrary to Montana statutory law (and because Plaintiff concedes the issue), the Court should strike Plaintiff's request for punitive damages in the event the Complaint survives dismissal.

**D.    The Court Should Not Grant Plaintiff Leave to Amend.**

Without citation to the Complaint or any legal authority, Plaintiff's Response requests leave to amend if the Court grants HCSC's Motion. *See* Resp., p. 4. Plaintiff, however, fails to explain how an amendment would cure any deficiencies. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1072 (9th Cir. 2008) (affirming denial of leave to amend for failing to articulate how an amended complaint would cure prior deficiencies). Further, Plaintiff's request to amend is procedurally improper. Local Rule 15.1 requires that a party file a motion for leave to amend and attach a proposed draft of the amended pleading as an exhibit, which Plaintiff has failed to do. See L.R. 15.1. For these reasons, Plaintiff's Complaint should be dismissed with prejudice.

- 6 -

### III.    CONCLUSION

For the reasons stated herein and in its opening Motion, Defendant HCSC respectfully requests that this Court dismiss the Complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and, if the Complaint is not dismissed in its entirety, to strike Plaintiff's request for punitive damages.

DATED this 2nd day of July, 2024.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.


By /s/ *Daniel J. Auerbach*
    Daniel J. Auerbach
    M. Christy S. McCann

*Attorney for Health Care Service Corporation*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(d)(2)(E), I certify that *Health Care Service Corporation's Reply in Support of Motion to Dismiss and to Strike Plaintiff's Request for Punitive Damages* is double-spaced, is proportionately space 14-point typeface, and contains 1,191 words.

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2024, a true copy of the foregoing was served:

Via ECF to the following parties:

Torger Oaas
PO Box 76
Lewistown, MT 59457
oaaslaw@midrivers.com

 /s/ *Daniel J. Auerbach*
BROWNING, KALECZYC, BERRY & HOVEN, P.C.

- 9 -