IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JUSTIN KING,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH CARE SERVICES CORP.,<br><br>Defendant. | CV-24-32-GF-BMM<br><br><br><br>ORDER |

## INTRODUCTION

Justin King ("King") filed the complaint on April 8, 2024. (Doc. 1.) Health Care Services Corporation ("HCSC") filed a motion to dismiss on May 30, 2024. (Doc. 4, 4-1.) HCSC requests that the Court dismiss the breach of contract claim (Count I) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 4-1 at 3.) HCSC argues that Montana law precludes King's breach of the implied covenant of good faith and fair dealing claim (Count II). (*Id*.) HCSC also argues that Montana statutory law prohibits King's request for punitive damages and that the request should be stricken. (*Id*.) The Court held a hearing on the matter on July 9, 2024.

1

## FACTUAL BACKGROUND

King, a resident of Montana, brings this action against HCSC, a business incorporated in Illinois, for HCSC's alleged breach of contract with its insured King when HCSC denied King's claim for coverage of a back surgery. (Doc. 1 at 1-2.) HCSC insured King under an individual health insurance policy ("the Policy") through HCSC's Montana division of Blue Cross Blue Shield. (*Id.* at 2.) King requested pre-approval from HCSC for a two-level lumbar disc arthroplasty ("the surgery"). (*Id.*) HCSC denied King's pre-approval request on December 14, 2022, citing to a policy exclusion contained in the Policy. (*Id.* at 2-5.) King nevertheless underwent the back surgery on October 12, 2023, at a clinic in Germany. (*Id.* at 5.) King alleges that the Policy provided coverage for the surgery. (*Id.* at 6.)

King alleges two claims. (Doc. 1 at 6.) First, King alleges that HCSC breached its contract with King by denying coverage and failing to pay the cost of the surgery. (*Id.*) King also alleges that HCSC breached an implied covenant of good faith and fair dealing by refusing to provide coverage for the surgery. (*Id.*) King also seeks consequential and punitive damages. (*Id.* at 7-8.) HCSC moves to dismiss King's complaint for failure to state a claim upon which relief can be granted. (Doc. 4.)

**STANDARD OF REVIEW**

A claim must be dismissed when there is a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility arises when the complaint pleads facts that the Court can draw reasonable inferences from that would prove the defendant liable. *Id.* (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard asks for more than a sheer possibility that plaintiffs are entitled to relief." *Orellana v. Mayorkas*, 6 F.4th 1034, 1042 (9th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678)). The Court must take allegations of material fact as true and construe the facts in the light most favorable to the nonmoving party. *Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015). "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Montana law requires that a party "point to the violation of a specific contractual provision in order for its complaint to sound in contract." *Tin Cup Cty. Water v. Garden City Plumbing & Heating Inc.*, 200 P.3d 60, 67 (Mont. 2008).

Montana's Unfair Trade Practices Act ("UTPA") reserves the right for an insured to bring a breach of contract claim. *Draggin' Y Cattle Co., v. Junkermier*, 439 P.3d 935, 942-943 (Mont. 2019). "An insured may not bring an action for bad faith in connection with the handling of an insurance claim." Mont. Code. Ann. § 33-18-242(3). The Montana Supreme Court allows a claim for breach of covenant of good faith and fair dealing that does not involve the handling of an insurance claim. *Thomas v. Northwestern Nat. Ins. Co.*, 973 P.2d 804, 809 (Mont. 1998). The Montana Supreme Court recognized in *Marshall v. State* that the plaintiff succeeded in pleading a breach of the implied covenant of good faith and fair dealing claim. 830 P.2d 1250, 1251-52 (Mont. 1992). Marshall argued that his employer acted in secret to deny Marshall's job promotion and breached the contract by breaching the implied covenant of good faith and fair dealing. *Id*. The plaintiff in *Thomas* brought a breach of covenant claim based on conduct during renewal of the policy. 973 P.2d at 809. The Montana Supreme Court determined Mont. Code Ann. § 33-18-242(3) did not bar the plaintiff's claim. *Id*.

"In common contract actions, tort-type damages are not available for breach of the implied covenant of good faith and fair dealing." *Corp. Air v. Edwards Jet Ctr.*, 190 P.3d 1111, 1224 (Mont. 2008) (quoting *Story v. City of Bozeman*, 791 P.2d 767, 776 (Mont. 1990)). The Montana Supreme Court reviewed the Montana state

district court's assertion that the plaintiff's claim was "an insurance bad faith claim in disguise" in *DuBray v. Farmers Ins. Exchange*, 36 P.3d 897, 899 (Mont. 2001). The Montana state district court determined that DuBray's complaint was equivalent to a bad faith action. *Id*. The Montana Supreme Court concluded that the Montana state district court erred only in dismissing the part of DuBray's claim seeking payment of medical expenses. *Id*. at 900.

An award of actual damages serves as a prerequisite for punitive damages. *Stipe v. First Interstate Bank-Polson*, 188 P.3d 1063, 1068 (Mont. 2008). Punitive damages are available "in addition to actual damages." *Folsom v. Montana Pub. Emp. Ass'n*, 400 P.3d 706, 723 (Mont. 2017). Montana law provides as follows:

> A request for an award of punitive damages may not be contained within an initial pleading filed by a party with the court. At any time after the initial pleading is filed and discovery has commenced in the lawsuit, a party may move the court to allow the party to amend the pleading to assert a claim for punitive damages.

Mont. Code Ann. § 27-1-221(5).

## DISCUSSION

### I. Count I: Breach of Contract

HCSC argues that King failed to allege facts sufficient to state a claim for breach of contract for Count I. (Doc. 4-1 at 2.) HCSC contends that King failed to identify the contractual provision that would have required HCSC to cover his

5

requested back surgery. (*Id.*) King argues that the complaint meets the burden of Rule 12(b)(6). (Doc. 9 at 2.)

HCSC denied pre-approval for the surgery that King sought on the basis that the surgery was not appropriate, not medically necessary, and experimental. (Doc. 1, ¶ 8.) The policy exclusion used to deny coverage for the claim reads as follows:

16. Any services, supplies, drugs and devices which are:

   a. Experimental/Investigational/Unproven services, except for any services, supplies, drugs and devices which are Routine Patient Costs, incurred in connection with an Approved Clinical Trial.

   b. Not accepted standard medical practice. The Plan may consult with Physicians or national medical specialty organizations for advice in determining whether the service or supply is accepted medical practice.

   c. Not a Covered Medical Expense.

   d. Not Medically Necessary.

   e. Not covered under applicable Medical Policy.

(Doc. 1 at 3.)

King also provides the Policy definition of "medically necessary" and "experimental/investigational/unproven" in the complaint. (*Id.*, ¶¶ 10-11.) The Food and Drug Administration (FDA) approved the use of a medical device known as the prodisc L for 2-level lumbar disc arthroplasties on April

10, 2020. (*Id*., ¶ 12.) The FDA concluded that the 2-level lumbar disc arthroplasty was safe and effective for King's condition. (*Id*., ¶ 14.)

HCSC falls short in arguing that King failed to state a claim. King detailed specific provisions of the contract HCSC allegedly breached in the complaint. King provided the policy exclusion language for each reason HCSC denied King's pre-approval for surgery. (*Id*. ¶¶ 9-11.) King's inclusion of the policy language and alleged facts on whether the surgery was experimental or medically necessary support a cognizable theory. The Court finds that Count I of King's complaint is plausible and meets the burden of Rule 12(b)(6). The complaint provides sufficient language for the Court to draw a reasonable inference that HCSC had breached the Policy.

## II. Count II: Breach of Implied Covenant of Good Faith and Fair Dealing

HCSC argues that King's claim of breach of the implied covenant of good faith and fair dealing should be dismissed because Montana law precludes the claim. (Doc. 4-1 at 6.) HCSC further argues that Montana courts treat bad faith claims and breach of implied covenant of good faith and fair dealing claims in the same manner that would result in a dismissal of Count II. (Doc. 11 at 5.) King contends that HCSC misdescribes the cause of action of Count II. (Doc. 9 at 3.)

King's complaint presents "an insurance bad faith claim in disguise." *DuBray*, 36 P.3d at 899. King fails to prove the distinction between the breach of the implied covenant claim and a common law bad faith claim. King's case proves distinguishable from *DuBray*, however, in that King's breach of covenant of good faith and fair dealing claim concerns the handling of an insurance claim. King relies on the Montana Supreme Court's decision in *Draggin' Y Cattle Co.*, 439 P.3d 935 (Mont. 2019). (Doc. 9 at 3.) The dispute in *Draggin' Y Cattle Co.* focuses on the reasonableness of a settlement. *Id*. at 936. This factor proves distinguishable from Mont. Code Ann. § 33-18-242(3)'s prohibition of an alleged breach of the implied covenant claim for the handling of an insurance claim. King's complaint argues that HCSC breached the implied covenant of good faith and fair dealing by refusing to provide coverage for the surgery without justification. (Doc. 1, ¶ 18.) King's assertion relates to the handling of an insurance claim of the type barred by Mont. Code Ann. § 33-18-242(3).

### III. Punitive Damages

HCSC argues that Montana law bars King from including a request for an award of punitive damages in the complaint. (Doc. 4-1 at 8.) King concedes that Montana law bars the inclusion of punitive damages in an initial pleading. (Doc. 9 at 3.) The Court must dismiss the punitive damages claim in accordance with Mont.

8

Code Ann. § 27-1-221(5). King may file to amend the pleading for punitive damages after discovery begins.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. 4) is **GRANTED in part** and **DENIED in part**.

2. Count II of Plaintiff's complaint (Doc. 1) is **DISMISSED.**

3. Plaintiff's punitive damages claim is **DISMISSED.**

**DATED** this 15th day of July, 2024.

_____
Brian Morris, Chief District Judge
United States District Court