# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| JUSTIN KING, <br><br> Plaintiff, <br><br> vs. <br><br> HEALTH CARE SERVICES CORP., <br><br> Defendant. | CV-24-32-GF-BMM <br><br><br> **ORDER** |

Plaintiff Justin King filed a motion for partial summary judgment on the basis that Defendant Health Care Services Corporation ("HCSC"), doing business as Blue Cross Blue Shield of Montana, had breached King's insurance contract as a matter of law by denying coverage for King's back surgery. (Doc. 55; Doc. 56.) HCSC filed a motion under Federal Rule of Civil Procedure 56(d) to deny King's motion for summary judgment until HCSC develops discovery sufficient to respond. (Doc. 66.) HCSC reiterated these arguments in its response to King's motion for summary judgment. (Doc. 75.) King responded. (Doc. 81.) The Court conducted a hearing on January 30, 2025. (Doc. 82.)

1

King moved for leave to file a Third Amended Complaint to add a claim under Montana's Unfair Trade Practices Act ("UTPA"). (Doc. 89.) HCSC argued in response that such an amendment would be futile. (Doc. 91.) HCSC also moved to vacate the Court's scheduling order (Doc. 94), and King opposed. (Doc. 98.)

I.     **FACTUAL BACKGROUND**

King sought pre-approval from his insurer, HCSC, for a two-level lumbar disc arthroplasty with a Prodisc L artificial disc (the "back surgery") in 2022. (Doc. 89, ¶ 7.) HCSC's letter to King explained that it denied approval for the back surgery due to the "experimental" nature of the surgery under both the terms of King's Benefit Plan and those of the Medical Policy (SUR712.028). (Doc. 89 at 8.) The denial letter noted that "[p]er the Medical Policy, artificial intervertebral lumbar disc is considered experimental, investigational and/or unproven for multilevel use whether done simultaneously or at different times." (*Id.*) The letter explained that HCSC denied King's claim because King's Benefit Plan also excluded the back surgery as experimental. (*Id.*)

The Benefit Plan defines a surgery as "experimental" when "the prevailing opinion among peer reviewed medical and scientific literature regarding the procedure is that further studies or clinical trials are necessary to determine its safety, its efficacy or its efficacy as compared with a standard means of treatment or

2

diagnosis[,]" (the "prevailing opinion" definition). (*Id.*) King alleges that the Benefit Plan governs when a discrepancy exists between the Medical Policy and the insured's Benefit Plan. (Doc. 89, ¶ 9, fn. 1.)

King's policy requires HCSC to "tak[e] into consideration" a governmental or regulatory agency's approval of a treatment, procedure, or device when assessing whether it is experimental. (Doc. 89, ¶ 14.) The FDA approved the use of the Prodisc L device for the back surgery two years before HCSC denied King's claim. (*Id.*, ¶ 13.) HCSC's did not "take into consideration" the FDA's approval of the Prodisc L when it evaluated and denied King's claim under the Benefit Plan. (*Id.*, ¶ 15.)

King alleges that HCSC's denial letter further misrepresented King's policy coverage because the back surgery should not have been characterized as experimental. (*Id.*, ¶ 12.) Under the controlling Benefit Plan definition, King alleges that the "prevailing opinion among peer reviewed medical and scientific literature" regarding the back surgery concluded that no "further studies or clinical trials [were] necessary" to determine its safety or efficacy. (*Id.*, ¶¶ 10–12.) King further alleges that HCSC's erroneous denial of coverage for the back surgery constitutes a breach of contract. (*Id.*, ¶ 17.)

3

## II.   LEGAL STANDARD

Summary judgment proves proper if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 317, 323 (1986). A party may move to deny or defer ruling on summary judgment under Federal Rule of Civil Procedure 56(d) when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d).  A party seeking relief under Rule 56(d) must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

Courts grant leave to amend freely when justice so requires.  Fed. R. Civ. P. 15(a)(2).  "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v.*

4

*Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Amendment would be futile when the proposed amendment renders the claim subject to dismissal. *Moore*, 885 F.2d at 538; *Scott v. Eversole Mortuary*, 522 F.2d 1110, 1116 (9th Cir. 1975).

### III. DISCUSSION

King has moved the Court for leave to amend his complaint to add a misrepresentation claim under Montana's UTPA and for summary judgment on his breach of contract claim. Both claims arise from HCSC's denial of coverage for King's back surgery as "experimental." King argues that HCSC should have covered the surgery because it was not "experimental," and that HCSC's denial letter on that basis thus constitutes a misrepresentation of his policy's coverage. The Court will address each motion in turn.

#### A. King's Motion for Leave to Amend

King moved to amend his complaint because the previous Montana UTPA claim alleged an error on the part of the IER, rather than related to the actions of HCSC. (Doc. 90 at 1.) The proposed Third Amended Complaint remedies the error by alleging that HCSC misrepresented King's policy coverage by denying the back surgery as "experimental." (Doc. 90 at 2.) King alleges also that HCSC failed to "take into consideration" the FDA's approval of the Prodisc L as required by King's

policy. HCSC's denial of King's claim as "experimental," without taking into consideration the FDA's approval and the prevailing opinion among recent peer-reviewed medical and scientific literature, constitutes a misrepresentation as to coverage. (*Id.*) HCSC argues that amendment would be futile. (Doc. 91 at 2.)

HCSC first responds that its failure to consider the FDA approval does not constitute a misrepresentation and that HCSC properly relied on the Medical Plan definition of "experimental" to deny King's claim. (Doc. 91 at 10.) HCSC contends that the denial letter does not "misrepresent" HCSC's consideration of FDA approval because it does not mention FDA approval at all. (*Id.*) King claims that HCSC misrepresented the back surgery as "experimental," however, as to the *Benefit Plan's* definition, not as to the Medical Plan definition. The denial letter cites both definitions as independent bases for denial. (Doc. 89 at 8.) King has sufficiently alleged that the denial letter misrepresented that the back surgery failed to meet the "prevailing opinion" definition in the Benefit Plan.

HCSC also argues that King has not alleged sufficient facts to support a claim that HCSC misrepresented King's policy coverage. (Doc. 91 at 13.) HCSC asserts that King "does not allege facts showing that HCSC made any affirmative misrepresentations to him." (*Id.*) HCSC's argument relies on the absence of any reference to FDA approval in the denial letter. (*Id.*) This argument fails to account

6

for HCSC's representation that King's Benefit Plan excluded coverage under its definition, the "prevailing opinion" of medical and scientific literature. King has sufficiently alleged that the back surgery meets the "prevailing opinion" definition in the Benefit Plan and that HCSC's denial on that basis thus misrepresented King's coverage.

HCSC instead relies on the Medical Policy definition, which specifically excludes coverage for the back surgery by describing it as experimental. King has alleged that the Benefit Plan controls when a discrepancy exists between the Medical Policy and the Benefit Plan. When construed in the light most favorable to King, HCSC's representation in the denial letter that it *could* deny coverage under the *Medical Plan* definition misrepresents the available coverage. Even if HCSC can use the Medical Policy definition to determine coverage, King points out that HCSC's reliance on the Medical Policy exclusion of the back surgery as "experimental" runs afoul of the reasonable expectations doctrine. *Meadow Brook, LLP v. First Am. Title Ins. Co.*, 329 P.3d 608, 513–14 (Mont. 2014). If the back surgery is not "experimental" under the Benefit Plan definition, King can reasonably expect the policy to cover the surgery, even if the Medical Policy's definition excludes it.

Finally, HCSC misplaces reliance on the Court's prior order dismissing King's other Montana UTPA claim. (Doc. 91 at 13–14.) The Court's prior determination that HCSC did not misrepresent King's policy coverage arose from King's allegations that the independent external reviewer, not HCSC, made the misrepresentations. (Doc. 49 at 4.) King has corrected this defect in his proposed amendment. (Doc. 89.) HCSC correctly argues that the Montana UTPA expressly links an insurer's "misrepresentation" to "coverage." (Doc. 91 at 10 (quoting *McColl v. Allied Prof'ls Ins. Co.*, No. CV 17-40-H-SEH-TJC, 2018 U.S. Dist. LEXIS 142956, at *8 (D. Mont. Aug. 6, 2018); *Bentle v. Farmers Ins. Exch.*, No. 2:21-cv-27-BU-BMM, 2022 U.S. Dist. LEXIS 228113, *9 (D. Mont. Dec. 19, 2022)).) In his proposed amendment, King has sufficiently alleged that 1) the Benefit Plan, rather than the Medical Policy, controls; 2) the Benefit Plan ought to have covered the back surgery because the "prevailing opinion" supported its efficacy; 3) HCSC's denial under the Benefit Plan's definition of "experimental" constitutes a misrepresentation; and 4) HCSC misrepresented King's coverage by denying his claim under the Medical Policy definition of "experimental." King's proposed amendment would not be futile. The Court will grant King leave to amend.

## B. Summary Judgment on King's Breach of Contract Claim

King argues that summary judgment proves appropriate for his breach of contract claim against HCSC because HCSC's denial letter failed to consider FDA approval of the Prodisc L for the back surgery and failed to recognize that the prevailing opinion of current peer-reviewed medical literature supported the use of the Prodisc L in the back surgery as safe, effective, and as effective as the standard procedure involving fusion of the lumbar discs. (Doc. 56 at 5.) HCSC moves the Court for denial of summary judgment under Rule 56(d) until HCSC can engage in discovery to develop sufficient facts to oppose King's motion. (Doc. 67 at 11.)

A movant for denial or deferral of summary judgment under Rule 56(d) must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Courts routinely grant motions under Rule 56(d) when the parties have not conducted discovery. Courts may deny a Rule 56(d) motion if the moving party has failed to conduct discovery diligently. *Inteliclear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 663–64 (9th Cir. 2020) (denial of summary judgment appropriate when discovery has not occurred); *Mackey v. Pioneer Nat. Bank*, 867 F.2d 520, 524 (9th Cir. 1989) ("A

9

movant cannot complain if it fails diligently to pursue discovery before summary judgment.").

HCSC argues that it is entitled to discovery on a number of key subjects, including King's surgery in Germany after HCSC's denial of coverage, the FDA approval of the Prodisc L as it relates to King's policy coverage, King's diagnosis and treatment, the peer-reviewed articles offered by King, and facts related to whether King satisfied certain procedural requirements for an insurance claim. (Doc. 67 at 8–9.) King responds that HCSC already has access to the information necessary to oppose summary judgment because the breach of contract claim hinges on whether the policy ought to have covered the surgery when King submitted the claim. Specifically, HCSC must show that King's surgery met the Benefit Plan definition of "experimental" and show that HCSC took into consideration FDA approval when arriving at that conclusion in order to defeat summary judgment. (Doc. 81 at 2.) King argues that none of the requested discovery will help HCSC investigate those issues. (*Id.* at 2–3.)

King is correct to a point. The Court agrees that HCSC, as the insurer, already should have access to information about the procedural aspects of King's insurance claim, including "whether Plaintiff satisfied his requirements under the Policy . . . whether he timely submitted all claim information, timely submitted all appeal

information, provided the required records, and responded to communications from BCSBMT." (Doc. 67 at 13.) Likewise, King correctly points out that the details of King's surgery in Germany have no bearing on whether HCSC breached the insurance contract by denying his claim in the first place. The Court agrees, however, that HCSC requires time to engage in discovery regarding each element of a breach of contract claim, including damages, and develop expert testimony regarding the back surgery and HCSC's conformity to the policy terms. (Doc. 67 at 17.) The key question, whether the back surgery was "experimental" under the prevailing opinion definition in the Benefit Plan, requires expert testimony. The Court will deny King's motion for summary judgment and permit the Parties to engage in limited discovery and development of expert testimony.

## IV.  CONCLUSION

King has presented sufficient facts to support his proposed amended complaint. HCSC requires additional time, however, to develop a response to King's motion for summary judgment, and the Court will therefore deny it. The Court will grant King leave to amend his Complaint to add a claim under Montana's UTPA. The Court will vacate the current scheduling order and set a new scheduling conference.

Accordingly, it is hereby **ORDERED**:

11

1) King's Motion for Partial Summary Judgment (Doc. 55) is **DENIED**.

2) HCSC's Rule 56(d) Motion (Doc. 66) is **GRANTED**.

3) King's Motion for Leave to Amend (Doc. 89) is **GRANTED**.

4) HCSC's Motion to Vacate the Scheduling Order (Doc. 94) is **GRANTED**.

**DATED** this 11th day of June, 2025.

_____
Brian Morris, Chief District Judge
United States District Court